IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLAUDE J. OLIVER (TDCJ No. 1493123), ET AL., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:15-cv-2962-P-BN |
| TRIAL COURT JUDGES, ET AL., | § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Jorge A. Solis. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the claims asserted by Plaintiff Claude J. Oliver ("Oliver") should be summarily dismissed but that the Clerk of Court should be directed to open new civil actions for each named Plaintiff (each assigned to Chief Judge Solis and Magistrate Judge David L. Horan, as related to this action).

### Background

On September 11, 2015, the Court received a 42 U.S.C. § 1983 complaint filed by Oliver and, allegedly, some fifteen other Texas state prisoners – Shawn L. Dunn, Gerald L. Bradley, Terrence McNeil, Ricky Allen Barnett, Franzwa Miller, Michael Hurtado, Michael Dekneff, Ramon Ramos, Enrique Garza, Cory Sierra, Oscar De La

Paz, Ramiro Martinez, Preston Triplett, Billy Don Mask, and Jerry Joseph Miller –
against various Texas state judges, Texas state prosecutors, and defense attorneys who
allegedly represented Plaintiffs in their state criminal proceedings. *See* Dkt. No. 1.
Although all Plaintiffs purportedly signed a table labeled "Supporting Signatures for
Oliver" and subtitled "Signature of Claim," *see id.* at 10, below that table is
handwritten "Signed on this 15th day of December 2013," *id.*, and only Oliver signed
the complaint (dated August 28, 2015), *see id.* at 8. It also appears that all Plaintiffs
have submitted and signed separate motions for "request of information sheet,"
attached as a single exhibit to the complaint. *See id.* at 15-31.

The complaint and electronic records from the Texas Department of Criminal
Justice (the "TDCJ") available online reflect that Plaintiffs are all incarcerated at
TDCJ's Beto Unit in Tennessee Colony, Texas. But Plaintiffs' convictions and sentences
originate from various courts around the State of Texas. For example, Oliver – whose
name appears as the return addressee on the envelope containing the complaint sent
to this Court, *see id.* at 56, and who is the only Plaintiff who has moved for leave to
proceed *in forma pauperis*, *see* Dkt. No. 2 – appears to be serving a 45-year sentence
for aggravated robbery, after being convicted in Dallas County.

Based on the record now before the Court, the undersigned concludes that
Oliver, who has been granted leave to proceed *in forma pauperis* pursuant to the
Prison Litigation Reform Act of 1995 (the "PLRA") by separate order, has conclusively
filed a Section 1983 civil rights complaint on his own behalf, which the Court should
screen, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and summarily dismiss as

frivolous. As to the remaining Plaintiffs, however, the Court should direct the Clerk to open a separate civil action for each Plaintiff (each assigned to Chief Judge Solis and Magistrate Judge Horan, as related to this action) and refer each action to the undersigned for screening. The undersigned will then issue an appropriate notice of deficiencies in each action.

## Severance

As another judge of this Court has recognized, under the PLRA,

> a prisoner bringing a civil action *in forma pauperis* must pay the full filing fee. *See* 28 U.S.C. § 1915(b) (West Supp. 2000). The circuit courts that have squarely addressed the issue have concluded that prisoner-plaintiffs who file a complaint jointly must each pay the full filing fee. *See Bouribone v. Berge*, 391 F.3d 852, 854-56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir. 2001). The Seventh and Eleventh Circuits disagree, however, as to whether it is permissible for prisoner-plaintiffs to proceed jointly in one action, or whether each plaintiff must file a separate action. *Compare Hubbard*, 262 F.3d at 1198 (each prisoner must bring separate suit since latter-enacted statutory requirement in the PLRA that each plaintiff pay the full filing fee conflicts with and repeals earlier-enacted permissive joinder rules of Fed. R. Civ. P. 20), *with Bouribone*, 391 F.3d at 854-56 (multiple prisoner-plaintiffs may proceed together under permissive joinder rule; no conflict between PLRA and Rule 20). The Fifth Circuit has not addressed this issue.

*Beaird v. Lappin*, No. 3:06-cv-967-L, 2006 WL 2051034, at *3 (N.D. Tex. July 24, 2006).

In *Beaird*, United States District Judge Sam A. Lindsay determined that, there, "the court need not decide" "[w]hether there is a an inherent conflict between the latter-enacted § 1915(b) of the PLRA which requires that each plaintiff pay the full filing fee and the earlier-enacted permissive joinder rules set forth in ... Rule 20" because "the impracticalities and inherent difficulties of allowing [Prisoner-]Plaintiffs

to proceed jointly necessitate a severance of each Plaintiff's claims." *Id.* at *4 (collecting cases and noting that such "impracticalities include, without limitation, inmate transfers, security, the need for each individual Plaintiff to represent himself with regard to his claims, the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated, the possibilities of coercion by prisoners, or that prisoners may seek to compel prison authorities to permit them to gather to discuss joint litigation"); *see also Harrison v. U.S. Marshal Serv.*, No. 3:11-cv-333-K-BH, 2011 WL 1320485, at *2 (N.D. Tex. Mar. 3, 2011), *rec. adopted*, 2011 WL 1320481 (N.D. Tex. Apr. 6, 2011) (examining *Beaird* and further observing that "the factual grounds for each inmate's claims may also differ" (citing *Sneed v. Cotton*, No. 3:08-cv-2773-G, 2009 WL 222760, at *1 (N.D. Tex. Jan. 29, 2009))); *Russell v. Anderson*, No. 4:11-cv-529-Y, 2011 WL 3930269, at *1 (N.D. Tex. Aug. 2, 2011), *rec. adopted*, 2011 WL 3936620 (N.D. Tex. Sept. 7, 2011).

Such impracticalities appear equally applicable to this case, in which it appears that Oliver is truly the "lead plaintiff" – he signed the complaint, he moved for leave to proceed *in forma pauperis*, and it appears that he mailed the complaint.

Accordingly, the Court should consider his claims as presented in the complaint. *See id.* at *3 ("Because Mayberry signed the initial complaint and has moved to proceed *in forma pauperis*, he should be considered the lead plaintiff in this case, and his claims should be allowed to proceed." (citing *Broderick v. Chapman*, 3:08-cv-1075-L, 2008 WL 4949205, at *2 (N.D. Tex. Nov. 14, 2008))).

But the remaining Plaintiffs should be severed into separate actions. *See id.*;

-4-

*Beaird*, 2006 WL 2051034, at \*4 ("direct[ing] the clerk of court to open new civil actions for each of the named Plaintiffs. Each Plaintiff shall be required to file a separate complaint asserting his individual claims and to pay [the applicable] filing fee or submit separate requests to proceed *in forma pauperis*.").

Oliver, as a *pro se* prisoner, has "neither the authority to represent anyone but [himself] nor the competence to protect the interests of other prisoners." *Henderson v. Jamison*, No. C10-5802 RBL/KLS, 2011 WL 690616, at \*2 (W.D. Wash. Jan. 31, 2011), *rec. adopted*, 2011 WL 690573 (W.D. Wash. Feb. 18, 2011) (in the context of class actions under Federal Rule of Civil Procedure 23) (citations omitted). As such, it would be unfair to hold the remaining Plaintiffs accountable as part of Oliver's clearly frivolous complaint – as explained below – which could subject them, without sufficient notice, to a "strike" under the PLRA. *See* 28 U.S.C. § 1915(g).

On the other hand, in the event that the remaining Plaintiffs truly intended to bring this collective action, it is the Court's "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney." *United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam). Therefore, severing and then giving each Plaintiff an opportunity to either pursue his claims separately or fail to prosecute his separate action, subjecting his action to dismissal (likely without prejudice) pursuant to Federal Rule of Civil Procedure 41(b)), appears to honor "settled law that *pro se* pleadings must be liberally construed to prevent the loss of rights[ – such as pursuant to a statute of limitations – ]due to inartful expression" or lack of knowledge regarding proper procedure.

*Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)).

## Legal Standards

Turning to Oliver's claims, a district court is required to screen a civil action brought by a prisoner – whether he or she is incarcerated or, instead, detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Analogously, under 28 U.S.C. § 1915(e)(2)(B), also applicable here, a district court may summarily dismiss any complaint filed *in forma pauperis* – not limited to complaints filed by prisoners seeking relief from a governmental entity or employee – for the same reasons.

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while the Court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, Plaintiff need only "plead facts sufficient to show" that the claims asserted have

"substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

A district court generally must afford a *pro se* complainant an opportunity to amend before dismissing for failure to state a claim. *See Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). But this Court also may dismiss a prisoner's civil rights complaint as frivolous based on the complaint and exhibits alone. *See Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986); *see also Tinsley v. C.I.R.*, 958 F. Supp. 277, 279 (N.D. Tex. 1997) ("District courts are vested with especially broad discretion in making the determination of whether an IFP [*in forma pauperis*] proceedings is frivolous." (quoting *Green*, 788 F.2d at 1119)); *accord Lewis v. Sec'y of Pub. Safety & Corrs.*, 508 F. App'x 341, 344 (5th Cir. 2013) (per curiam).

## Analysis

Oliver has sued (1) Texas district judges in their capacity as "legally responsible for the over-seeing of procedures of trials, ... , in the jurisdiction of [their] Court," Dkt. No. 1 at 2; (2) Texas state prosecutors in their capacity as "responsible for the over-all Criminal Prosecution of each Plaintiff, of Said County, and the holder of Discovery Material pertinent to Plaintiff Cause of Conviction," *id.*; and (3) attorneys in their capacity as "officer[s] of the Court to defendant Plaintiff's Constitutional and State Rights during a Criminal Prosecution," *id.* While he seeks injunctive relief, *see id.*, he also seeks "Compensatory and Punitive damages against each Defendant, jointly and

severally for each year [he had] endure[d] the hardship of confinement," *id.* at 8.

For the reasons explained below, Oliver's claims should be summarily dismissed pursuant to Sections 1915(e)(2)(B) and 1915A.

Judicial and Prosecutorial Immunity

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). But "judicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, and "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity," *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363)).

Similarly, state prosecutors are absolutely immune from a suit for damages for actions taken within the scope of their duties as prosecutors. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from

performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)). A plaintiff "may overcome a defendant's prosecutorial immunity by alleging actions that fall outside 'initiating the prosecution and in carrying the case through the judicial process.'" *DeLeon v. City of Dallas*, No. 3:02-cv-1097-K, 2003 WL 22244773, at *1 (N.D. Tex. Sept. 16, 2003) (quoting *Boyd*, 31 F.3d at 285), *reversed in part on other grounds*, 141 F. App'x 258 (5th Cir. July 7, 2005).

> Prosecutorial immunity, however, applies even if the prosecutor is accused of knowingly using perjured testimony, withholding exculpatory evidence, and failing to make full disclosures of facts. State prosecutors are absolutely immune for their actions intimately associated with the judicial process, including their actions in seeking the issuance of an arrest warrant.

*Id.* (citations and quotation marks omitted); *see Bibb v. Montgomery Cnty. Sheriff*, Civ. A. No. H-13-3736, 2014 WL 3828232, at *8 (S.D. Tex. July 30, 2014) ("[A] prosecutor is entitled to absolute immunity for his action in commencing a prosecution and all actions during the course and scope of the prosecution, even against charges that he acted 'maliciously, wantonly, or negligently.'" (quoting *Imbler*, 424 U.S. at 430-31)).

Here, Oliver's claims against the Texas judges are solely judicial in nature; he has not alleged or shown that any judge took actions outside the scope of his or her jurisdiction and authority. He has also failed to allege specific facts to overcome prosecutorial immunity.

Defense attorneys

As to Oliver's claims against his defense attorney(s), public defenders and

-10-

private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."). And, even if Oliver may be trying to allege that his attorney(s) conspired with certain state actors to deprive Plaintiff of his constitutional rights, his conclusory allegations are insufficient to withstand dismissal for failure to state a claim. *See Mills*, 837 F.2d at 679.

Injunctive relief

As part of his request for injunctive relief, Oliver appears to request that this Court order the state courts to produce certain records to him. *See* Dkt. No. 1 at 4-8, 14. But "[f]ederal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Moore v. 204th Dist. Ct.*, Civil Action No. 3:08-cv-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) (citing *Moye v. Clerk, Dekalb Cnty. Sup.Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties)). Oliver's requested injunctive relief also appears to be broader than the production of state court records. *See* Dkt. No. 1 at 8 (requesting that the state criminal orders "executed on Plaintiffs"

be enjoined and that each Plaintiff be returned "to the existing detention which initiated the cause of these acts, while a full scale investigation is performed"). Thus, it appears that Oliver is challenging the underlying state conviction for which he is incarcerated. *See also id.* (Oliver has "been kidnaped without cause"). As such, the proper course of action would be for him to file a writ of habeas corpus. *See, e.g.*, *Johnson v. Texas*, 293 F. App'x 296, 297 (5th Cir. 2008) (per curiam) ("Insofar as Johnson's motion for a preliminary injunction sought an order for his immediate release, ... Johnson must pursue this remedy in a habeas proceeding." (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005))).

## Recommendation

As to Plaintiff Oliver, the Court should summarily dismiss his claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. As to the remaining Plaintiffs, however, the Court should direct the Clerk to open a separate civil action for each Plaintiff (each assigned to Chief Judge Solis and Magistrate Judge Horan, as related to this action) and refer each action to the undersigned for screening. The undersigned will then issue an appropriate notice of deficiencies in each action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 15, 2015

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE